FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:22 am, Jan 19, 2021
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

__GERALD JOSEPH COOPER_____, Plaintiff

v.

_____,

_____,

_____,

_"SEE ATTACHED"_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

# COMPLAINT

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

__GERALD JOSEPH COOPER_____, Plaintiff

v.

__GOVENOR J.B. PRITZKER__, On behalf of THE STATE OF ILLINOIS,

__JUDGE JOSHUA DIEDEN__ (in his official capacity)_____,

__GENEVA PERKINSON__ ((in her official capacity)_____,

__KWAME RAOUL__ (in his official capacity)_____,

__ROBERT BERLIN__ (in his official capacity)_____,

__REBECCA WALTON__ (in her official capacity)_____,

__THE STATE OF COLORADO__ on behalf of:_____,

__JAIME AGUADO__ (in his official capacity)_____,

__DAVE YOUNG__ (in his official capacity)_____,

__PHILLIP WEISER__ (in his official capacity)_____,

And __MERIDETH MCGRATH__ (in her official capacity)_____, Defendant(s).

PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

**GERALD JOSEPH COOPER, 2389 OSWEGO STREET, AURORA, CO  80010**
(Name and complete mailing address)

(303) 505 -1574          gj1cooper@gmail.com
(Telephone number and e-mail address)

**B.     DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Govenor J.B. Pritzker - office of the Govenor, 207 State House, Springfield, IL 62706
(Name and complete mailing address)

217 782 6830 (ph) ; LTGov Stratton @ illinois.gov
(Telephone number and e-mail address if known)

Defendant 2: The Hon. Judge Joshua Dieden - office of the Chief Judge, DuPage County Courthouse, 505 N. County Farm Rd, Wheaton, IL 60187
(Name and complete mailing address)

630 407 8700 (ph) ; ChiefJudge @ 18th judicial.org
(Telephone number and e-mail address if known)

Defendant 3: Geneva Perkinson - Dept. of Adult Probation, DuPage County Courthouse, 505 N. County Farm Rd, Wheaton, IL 60187
(Name and complete mailing address)

630 407 8412 (ph) ; Geneva.Perkinson @ DuPageco.org
(Telephone number and e-mail address if known)

Defendant 4: Kwame Raoul - office of the Attorney General of Illinois, 500 S 2nd St, Springfield, IL 62704
(Name and complete mailing address)

217 782 1090 (ph) ; LWunder @ illinois.gov
(Telephone number and e-mail address if known)

Defendant 5: Robert Berlin - DuPage County State's Attorney's Office, 503 N County Farm Rd, Wheaton, Illinois 60187
(Name and complete mailing address)

630 407 8000 (ph) ; Conor.McCarthy @ dupageco.org
                     Karen.Wolak @ dupageco.org

3

(Telephone number and e-mail address if known)

Defendant 6: __Rebecca Walton        P.O. Box 19277, Springfield, IL 19297__
(Name and complete mailing address)

__217 558 5625 (ph) ; rebecca.walton@illinois.gov and__
(Telephone number and e-mail address if known)   doc.dl-interstatecompact@illinois.gov

Defendant 7: __Jaime Aguado       4955 E 74th Ave, Commerce City, CO 80022__
(Name and complete mailing address)

__720 437 6813 (ph) ; jaime.aguado@judicial.state.co.us__
(Telephone number and e-mail address if known)

Defendant 8: __Dave Young,   Adams County District Attorney,__
                            __1000 Judicial Center Dr, Brighton, CO 80601__
(Name and complete mailing address)

__303 659 7720 (ph) ; bhall@da17.state.co.us__
(Telephone number and e-mail address if known)

Defendant 9: __Phil Weiser - Office of the Atty General   Ralph L Carr Judicial Building 1300 Broadway, 10th Floor, Denver, CO 80203__
(Name and complete mailing address)

__720 508 6000 (ph) ; unknown email at the moment__
(Telephone number and e-mail address if known)

Defendant 9: __Merideth McGrath       940 Broadway, Denver, CO 80203__
(Name and complete mailing address)

__303 763 2408 (ph) ; merideth.mcgrath@state.co.us and__
(Telephone number and e-mail address if known)   DOC_interstateparole@state.co.us

Defendant 10: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 11: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 12: _____
(Name and complete mailing address)

4

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

**ICAOS Rules 3.101, 4.103 (a), 4.103 (b) & 4.104; with specific regard to ICAOS**

**Advisory Opions 2-2-2005, 5-006 & 1-2008**

____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____COLORADO_____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____ILLINOIS_____

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

### D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  Incomplete or Improper Transfer Request: Conflict of Residency Determination

Supporting facts:

1. On 12/11/2019, Plaintiff pled guilty to the charge of Simple Battery in the 18th Judicial District Court of DuPage County, in The State of Illinois, with Presiding Judge Joshua Dieden.
2. The Sentencing Order explicitly, amongst other details, stated that Plaintiff was to return to residence in Colorado, be credited for 5 days time served, be placed on two (2) years of supervised probation, and upon evaluation, participate in counseling as determined by the department of probation of the 18th Judicial District Court for DuPage County, of Illinois.
3. That the Probation Department is a Judiciary function of the 18th Judicial District Court of Illinois is found in the State of Illinois codified statutes.
4. Through the named defendant Geneva Perkinson (in her official capacity), or her subordinates, to date has filed at least 5 ICAOS Transfer Requests, Plaintiff alleges that each has been at best incomplete, or at worst improper and containing errors preventing the transfer itself.
5. The initial transfer request contained erroneous information in the following regard:
    a. DuPage County Probation provided the State of Colorado with the Plaintiff's old phone number, as opposed to the email address and current phone number that Plaintiff had provided as an update to the DuPage County Probation department.
6. The 2nd transfer request contained erroneous information in the following regards:
    a. DuPage County Probation Department provided the State of Colorado with incorrect mailing (ARAPAHOE COUNTY) whereas the county of Plaintiff's residence is (ADAMS COUNTY), leading The State of Colorado, to attempt completing the transfer request in the wrong county (ARAPAHOE COUNTY).
    b. DuPage County Probation listed Plaintiff's conviction as a Domestic Violence Conviction as opposed to the correct and factual conviction of Simple Battery as determined by stipulated facts, in a court of law in The State of Illinois.
    c. DuPage County Probation erroneously filed the transfer request failing to list Plaintiff as a Resident of The State of Colorado.
7. The State of Colorado denied the 1st transfer request for Plaintiff's failure to be responsive to Colorado Probation and/or ICAOS officials phone calls to a previously known to be a non-working phone number erroneously provided by DuPage County Probation.

8. The second transfer request was denied by The State of Colorado, because Plaintiff refused to admit to being convicted of an act of Domestic Violence, the incorrect conviction as entered in the transfer request.
9. After the first two (2) transfer request were denied by The State of Colorado, Plaintiff did the following:
    a. Sent the Offices of the Governor of The State of Illinois, The Attorney General for the State of Illinois, The Chief Judge of the 18th Judicial District Court, The DuPage County Probation Department, and The State's Attorney for the 18th Judicial District Court of DuPage County, Illinois, BOTH, a Notarized Cease and Desist Demand, AND a Letter of Notice of Pending Suit as required by the Illinois Supreme Court's Rules 18, 19, and 20.
    b. Filed a pleading in the courtroom of the original proceedings, requesting the completion of a proper and correct Transfer Request, without the errors listed in the preceding paragraphs.
10. The Honorable Judge Dieden heard the pleading on or around January 28, 2020, determined that Plaintiff had not violated the terms of his probation, admonished Plaintiff that swearing at probation officer in the State of Colorado was less than helpful in regards to the transfer request; and instructed Plaintiff that his conviction of Simple Battery while legally distinctive from a conviction of Domestic Violence, it is factual that Plaintiff's conviction was based on facts that his actions leading to the conviction involved a person the statutes of The State of Illinois declares as a "family member" and that as such, it would be proper for The State of Colorado to determine if they so chose that Plaintiff's conviction met the requirements of a domestic battery in principal, but that Plaintiff was correct in that his conviction was improperly listed; and further the Hon. Judge Dieden, instructed the DuPage Probation Department represented that day by Timothy McGavin, to initiate a new transfer request addressing the information as discerned that day.
11. The third transfer request was filed by The State of Illinois and denied by The State of Colorado, because Plaintiff did not meet the requirements of ICAOS Rule 3.101 (e)(1).
12. The third denied request led Plaintiff to file another pleading in the courtroom of the Hon. Judge Dieden to be heard on or around February 27, 2020.
13. The DuPage County Probation Department filed a pleading for Revocation of Plaintiff's Probation to be heard the day after Plaintiff's pleading.
14. Plaintiff and the DuPage Probation Department represented by Mr. McGavin and another Official by name of Geneva Perkinson were able to be heard on February 27, 2020.
15. In that hearing, The Hon. Judge Dieden instructed Ms. Perkinson to refile a new transfer request, and set a future date 4-6 weeks out for a status hearing.
16. Within two and half weeks of the Plaintiff's February filing the entire country, state by state, one municipality after another began to lockdown because of COVID-19 and safety concerns.
17. In the midst of the pandemic lockdowns a fourth transfer request, and a subsequent fifth Transfer request were denied by The State of Colorado for the exact same reasons as the 2nd and third (as listed in preceding paragraphs), adding into it the following:
    a. Plaintiff's Resident Family Member's contact information was provided to the State of Colorado with the wrong phone number, and The State of Colorado denied the transfer because they couldn't get ahold of a family member to verify if that family member would assume financial responsibility for Plaintiff.

18. The fourth and fifth with the Plaintiff personally having only one conversation with any representative of the probation depart in The State of Colorado, Adams County.

**D. STATEMENT OF CLAIM(S) – Claim One Continued:**

19. The singular conversation occurred the day after the fourth Transfer Request was denied, and prompted the initiation of the fifth request.
20. As The State of Illinois relaxed it's lockdown in October of 2020, Plaintiff was finally able to appear in person for the twice postponed Status Hearing before The Hon. Judge Dieden on or around the 3rd week of September.
21. The hearing was continued so that the Plaintiff could provide proof of his Colorado residency for a period of a year or more prior to his conviction.
22. 10/ 14 or 10/15. The continued hearing was heard on or about the second week of October 2020, and in that hearing the Judge Dieden ordered the Probation department to file the proper transfer and the Plaintiff to sign whatever and participate in whatever such a way that would facilitate the transfer.
23. The Probation Department assured the Court of DuPage County Illinois that they would be filing a mandatory transfer request whereas they had not done so the previous 5 times, if in fact they could determine that I was or am a resident of Colorado.
24. ICAOS Rule 3.101 is explicit in nature and [in] precedence in the declaration of what is required for a person to be determined as a mandatory transfer
25. Each state, Colorado and Illinois, has explicit, declared and very similar legal requirements (or statutorily determining factors) for a person's claim to residency in each state respectively: for the state of Colorado it is based upon Colorado Driver's License and Voter Registration.
26. Plaintiff having supplied thorough representations of the history of both to Geneva Perkinson, it should be readily visible that my residency has never been the state of Illinois and has always be the State of Colorado outside of a four year span of 1997 – 2001 when the Plaintiff was in college.
27. Furthermore the state of Colorado in its residency laws allows for a person to have domicile in multiple states if their intent was or is to remain a resident of Colorado where intent is determined by Driver's License and Voter Registration.
28. The state of Illinois similarly has residency laws and statutes that reflect the importance or weight of the criteria of Driver's License and Voter Registration to determine residency and intent of residency.

The bottom line to this claim is that yet again, for the sixth time, the receiving state of Colorado, has denied the requested transfer, for reasons that are not in line with federally mandated, congressional authority, statutorily and legally sufficient cause. It will be apparent to this court, through discovery and testimony, where , the first 5 times, the sending state abused its discretion, neglected and failed to send the transfer as a Mandatory Transfer, and instead sent it in a form where the receiving state abused its discretion and authority by determining that Plaintiff did not have a family member who would support him financially. Furthermore, in the sixth attempt, the receiving state's actions required the Plaintiff to submit DNA, or genetic code marker test, for approval of a transfer, while it is well established legal precedence that (while) the receiving state can add (such) conditions to a probationers terms of probation, it is just as well established legal precedence that the receiving state must treat out of state probationers the same as those convicted of the same offence in their own state,

and that a receiving state CANNOT arbitrarily add conditions to prevent the *MANDATORY* transfer of an offender for the purpose of denial. The state of Illinois obviously did not send this as a Mandatory Transfer for the sixth time, otherwise the receiving state of Colorado would be in error leading to claim two, which is the inverse, i.e., the claim having (the most value for) the sought after relief.

CLAIM TWO:   Incomplete or Improper Transfer Request: Conflict of Residency Determination

29. Jaime Aguado is the (latest, most recent) representative of the Colorado Department of Probation that the Plaintiff met with regarding his ICAOS transfer
30. Plaintiff met with Jaime Aguado on November 4, 2020 where in that meeting Plaintiff and Aguado went through a list of conditions that Colorado the receiving state would subject Plaintiff to if Plaintiff's transfer is to be approved.
31. Augado stated that Plaintiff had to agree to ALL terms and conditions in order for Plaintiff's transfer to be approved.
32. Plaintiff and Aguado had a long protracted conversation about the conditions and terms for Colorado requiring Plaintiff to submit to genetic DNA marker test.
33. Aguado gave Plaintiff until December 2, 2020 to discuss the terms and conditions, specifically the DNA requirement, with a private attorney and the state of Colorado's Attorney General, and that he, Auguado, would discuss it with the Attorney General as well.
34. Plaintiff discussed it with a representative of Attorney General's office who stated that 18-1.3-204 C.R.S. requires that conditions of probations in the state of Colorado be explicitly set forth by the court and that the statutory definition pertaining to genetic testing in the state of Colorado is based upon the definition of *"serious bodily harm"* as opposed to *"bodily harm"* which is the legal quantification of the Plaintiff's conviction in the state of Illinois.
35. Plaintiff's conviction of simple battery in the state court system of the sending state of Illinois is based upon the facts of that case where the Plaintiff threw an assailant off of his person in an act of disproportionate self defense causing the assailant *"bodily harm"* in that the assailant claimed that she was hurt.
36. Plaintiff's Sentencing Order contained no conditions for genetic testing, furthermore Plaintiff's Sentencing Order if for a misdemeanor of Simple Battery with all statutorily defined terms attached to it
37. Statutorily defined terms for the state of Illinois are succinctly phrased as follows: knowingly or without care caused *"bodily harm"* to another in or about the state of Illinois.
38. During Aguado's and Plaintiff's November 4th conversation, Aguado told plaintiff that based upon Colorado's statutes, definitions and investigations, that Plaintiff was not a sexual offender, nor based upon Plaintiff's criminal history was plaintiff a medium or high risk offender and did not see this as a sexual crime.
39. Aguado stated that in lieu of an actual evaluation he saw plaintiff as a low risk offender.
40. In the inverse Colorado's genetic testing laws are statutorily intended to address or deal with felony convictions of high risk offenders who have caused *"serious bodily harm"* including but not limited to substantial risk of death, permanent disfigurement,

9

protracted loss of, or impairment of organs, breaks, fractures or burns of a third degree nature 16-11-102.4 C.R.S.

41. Regarding Statutes of Colorado, the Department Probation or probation officer can add conditions at their leisure, but any such condition added must be one that is added to similar offenders throughout the state, and cannot be more than an offender of a similar conviction would face as a term of condition in the State of Colorado (The Receiving State).

42. Regarding the Statute of Illinois, in the state of Illinois, anybody transferring in has to take a DNA test, but not for one transferring out, while Colorado statute does not have any such statute regarding transfers in or out, therefore unless they can prove that other persons with the same misdemeanor conviction of simple battery were required to submit to genetic testing that condition is extra judicial and outside of the statute.

43. Now the state of Colorado has denied the Plaintiff's transfer due Plaintiff's refusal to submit to extra judicial DNA/genetic testing.

44. Upon Colorado's denial, TSO Illinois has required Plaintiff to return to TSO Illinois under the threat and spectra of revocation and warrant for Plaintiff's arrest.

45. In the 18th Judicial District this case at hand ran concurrently but not conjoined with divorce proceedings in which Plaintiff's residency in Colorado was accepted with custody granted to take place in the state of Colorado

46. In (After) the sentencing, the protective order and the order for Mandatory Transfer worked conjointly with the custody orders from the divorce case, in that this protective order defined the type of communication allowed based on custody orders from the divorce case, where in that custody order, custody had been granted as being within the state of Colorado. Thus the order for Mandatory Transfer to the Illinois Department of Probation resulted from the Sentencing Order and all the subsequent hearings regarding that transfer.

47. The question at this point, is to determine which of the conflicting orders, takes precedence, the order to return to Illinois to reside per Illinois Probation department along with minor child in my custody, where Plaintiff is not a resident and has no housing in the middle of a pandemic, a case which has already been decided by both courts, or to remain in Colorado via Mandatory transfer along with minor child in Plaintiff's custody.

48. Determine which state residency and order the Mandatory transfer to take place. Concerning the order to take the tests, are there other people to take the test under same requirement

49. Lastly, Plaintiff has lack of financial means, on welfare (in the State of Colorado) lives with his teenage (14 years old) minor child, to continue trying to travel back and forth as the behest of the Illinois Probation, as the Illinois Probation Department has known for 30 months Plaintiff's whereabouts, and that Plaintiff has not violated any terms of probation and is purposefully dragging out the commencing of the post trial probation process whatever it is called, at which time the Plaintiff had been sentenced in the first place.

The bottom line is that at this point in time the transfer has 1.) Not been completed [by Illinois], 2). Has been denied by Colorado, and 3. Through no fault or failure of action on my part Illinois has determined that I must [immediately] leave my residency to become homeless in the state of Illinois in the middle o a pandemic AND abandon my dependent child [to do this], or risk their issuing a warrant for my arrest for my failure [to do so] (to comply with their numerous

incomplete and improper requests for transfer; and/or Colorado insist on adding the extrajudicial condition of Genetic Sampling (DNA Testing) onto Plaintiff's probation conditions, without any legal or statutory basis.

### E.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1.) Order the State of Illinois to show proof through discovery, that Plaintiff's transfer request has been submitted as a Mandatory Transfer.
2.) Determine the Residential Status of Plaintiff, thereby defining for the State of Illinois so the transfer request can be submitted properly.
3.) Order the State of Colorado to show proof that it requires offenders of Misdemeanor Simple Battery convictions, from its own legal jurisdictions to submit to the same probation condition of providing a DNA sample to the States repository / database, as ICAOS rules dictate
4.) Determine and dictate for Plaintiff, which order from the 18th Judicial District Court has overriding precedence, as the civil court and the criminal court form the same jurisdictional court system have conflicting decrees affecting the whereabouts of Plaintiff and ramifications of his whereabouts on a minor child.
5.) Order that plaintiff can seek Injunctive Relief to prevent an arrest warrant from being issued for the extrajudicial failures of government officials in the State of Colorado and the State of Illinois.
6.) Order that Plaintiff may seek Joinders in Cause in a specific time period.

### F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying

existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

__Jan. 15, 2021_____
(Date)

(Form Revised December 2017)

JS 44 (Rev. 06/17)    District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gerald Joseph Cooper

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Adams
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DuPage
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald J. Cooper (Pro Se)
2389 Oswego Street
Aurora, CO 80010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1331

Brief description of cause: ☐ AP Docket
Federal Question: Where federal statutes defer to state statutes, can state employees arbitrarily set requirements that operate outside of and violate statutes in both states and contradict federal statutes?

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____   DOCKET NUMBER: _____

DATE: December 22, 2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____