IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-00165-LTB-GPG

GERALD JOSEPH COOPER,

      Plaintiff,

v.

J. B. PRITZKER,
JOSHUA DIEDEN,
GENEVA PERKINSON,
KWAME RAOUL,
ROBERT BERLIN,
REBECCA WALTON,
THE STATE OF COLORADO,
JAIME AGUADO,
DAVE YOUNG,
PHILLIP WEISER, and
MERIDETH MCGRATH,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the *Complaint* filed *pro se* by Plaintiff Gerald Joseph Cooper on January 19, 2021. (ECF No. 1). Because Plaintiff proceeds *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred for recommendation (ECF No. 7).[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to

The Court has reviewed the filings to date, considered the entire case file, the applicable law, and is advised of the premises. For the reasons discussed below, this Court respectfully recommends that the *Complaint* be dismissed.

## I.      BACKGROUND

This case involves the failure to transfer the supervision of Plaintiff's probation from Illinois to Colorado under the Interstate Compact for Adult Offender Supervision ("ICAOS" or "the Compact"), an interstate agreement that permits the transfer of supervision of parolees, probationers, and supervised releasees from one state to another.

The following allegations from Plaintiff's *Complaint* are accepted as true. On December 11, 2019, Plaintiff pled guilty to the charge of simple battery in the DuPage County District Court, an Illinois state court. (ECF No. 1 at 6). That court's sentencing order stated, "Plaintiff was to return to residence in Colorado, be credited for 5 days time served, be placed on two (2) years of supervised probation, and upon evaluation, participate in counseling[.]" (*Id.*). It is the failure to transfer the supervision of probation from Illinois to Colorado that Plaintiff takes issue with here.

Since he pled guilty in Illinois state court, Plaintiff recounts five unsuccessful

---

which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

transfer requests that have been made by Illinois officials under ICAOS. (*Id.*). He says the DuPage County probation office caused the first two transfer requests to be denied because the office provided incorrect or incomplete information, and failed to respond to requests from the State of Colorado. (*Id.* at 6).

After the first two transfer requests were denied, Plaintiff filed a request in the state sentencing court. (*Id.* at 7). The state court held a hearing on January 28, 2020, determined Plaintiff had not violated the terms of his probation, and instructed the DuPage County probation department to initiate a new probation transfer. (*Id.*). Still, a subsequent fourth and fifth transfer request was "denied by the State of Colorado for the exact same reasons as the 2nd and third[.]" (*Id.*). Then, in October of 2020, the DuPage County probation office filed a sixth transfer (this one a mandatory transfer under ICAOS), but it was again denied by Colorado. (*Id.* at 8).

These allegations serve as the basis for Plaintiff's first claim titled, "Incomplete or Improper Transfer Request: Conflict of Residency Determination." (*Id.* at 6-9). The claim posits that Plaintiff satisfies the requirements to have his probation transferred under ICAOS Rule 3.101, the compact's "Mandatory transfer of supervision" rule. But despite meeting the requirements for transfer, the DuPage County probation office, and its multiple missteps, has caused the transfer requests to be denied. (*Id.* at 8-9).

Plaintiff's second claim—also titled, "Incomplete or Improper Transfer Request: Conflict of Residency Determination"—asserts various ways the State of Colorado has erred in handling the transfer requests, which has also contributed to the requests being denied. (*Id.* at 8-11). Plaintiff first alleges that he is a resident of Colorado. *See* ICAOS

Rule 3.101(d)(providing that one requirement for an offender to be eligible for a transfer "is [to be] a resident of the receiving state"). Plaintiff also insists that Colorado "abused its discretion and authority by determining that Plaintiff did not have a family member who would support him financially." (*Id.* at 8); *see* ICAOS Rule 3.101(e)(1)(providing another way to establish eligibility for transfer of supervision is if the offender "has resident family in the receiving state who have indicated a willingness and ability to assist as specified in the plan of supervision.").

And Plaintiff maintains Colorado is adding a condition to his term of probation (submission of DNA) that it does not require of probationers convicted of the same offense in Colorado. Plaintiff contends this violates the ICAOS rule "that the receiving state must treat out of state probationers the same as those convicted of the same offence in their own state, and that a receiving state CANNOT arbitrarily add conditions to prevent the MANDATORY transfer of an offender for the purpose of denial." (*Id.* at 8-9); s*ee* ICAOS Rule 4.103(a) ("At the time of acceptance or during the term of supervision, the receiving state may impose a condition on an offender if that condition would have been imposed on an offender sentenced in the receiving state.").

As relief, Plaintiff requests the following

1.) Order the State of Illinois to show proof through discovery, that Plaintiff's transfer request has been submitted as a Mandatory Transfer.

2.) Determine the Residential Status of Plaintiff, thereby defining for the State of Illinois so the transfer request can be submitted properly.

3.) Order the State of Colorado to show proof that it requires offenders of Misdemeanor Simple Battery convictions, from its own legal jurisdictions to submit to the same probation condition of providing a DNA sample to the States repository / database, as ICAOS rules dictate.

4

4.) Determine and dictate for Plaintiff, which order from the 18th Judicial District Court has overriding precedence, as the civil court and the criminal court form the same jurisdictional court system have conflicting decrees affecting the whereabouts of Plaintiff and ramifications of his whereabouts on a minor child.

5.) Order that plaintiff can seek Injunctive Relief to prevent an arrest warrant from being issued for the extrajudicial failures of government officials in the State of Colorado and the State of Illinois.

6.) Order that Plaintiff may seek Joinders in Cause in a specific time period.

(*Id.* at 11).

## II.   LEGAL STANDARD

Because Plaintiff proceeds *in forma pauperis*, the Court reviews the complaint to determine whether any claims are appropriate for summary dismissal as frivolous or seek relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); D.C.COLO.LCivR 8.1. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim that is legally frivolous is one based on an indisputably meritless legal theory, such as infringement of a legal interest that clearly does not exist. *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). There is considerable overlap between the standards for frivolousness and failure to state a claim and a claim that lacks an arguable basis in law is dismissible under both standards. *Neitzke*, 490 at 326, 328.

III.    **DISCUSSION**

A.    **ICAOS does not create a federal private right of action.**

Plaintiff points to the ICAOS as the basis for this Court's federal-question

jurisdiction. (ECF No. 1 at 5). The Compact Clause of the United States Constitution

provides that "[n]o State shall, without the Consent of Congress, . . . enter into any

Agreement or Compact with another State." U.S. Const. art. I, § 10, cl. 3. The ICAOS

has been entered with the consent of Congress. *See* 4 U.S.C. § 112(a) ("The consent of

Congress is hereby given to any two or more States to enter into agreements or

compacts for cooperative effort and mutual assistance in the prevention of crime and in

the enforcement of their respective criminal laws and policies, and to establish such

agencies, joint or otherwise, as they may deem desirable for making effective such

agreements and compacts."). And "where Congress has authorized the States to enter

into a cooperative agreement, and where the subject matter of that agreement is an

appropriate subject for congressional legislation, the consent of Congress transforms

the States' agreement into federal law under the Compact Clause." *Cuyler v. Adams*,

449 U.S. 433, 440 (1981). Thus, Plaintiff's claims arise under federal law, which triggers

this Court's federal-question jurisdiction.

Though the claims fall within the Court's subject-matter jurisdiction, neither the

ICAOS nor the federal statute that authorizes the agreement expressly provides for a

private right of action. And the Supreme Court has held that if a federal statute does not

explicitly create a cause of action, the strong presumption is that no private cause of

action should be implied. *See generally Cort v. Ash*, 422 U.S. 66, 78 (1975) (setting

6

forth a four-part test to determine whether a statute impliedly creates a cause of action consisting of an analysis of the protected class, legislative intent, underlying statutory purpose, and traditional state law); *see also Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 175 (2008).

Plaintiff does not cite, and the Court has not found, any Tenth Circuit authority deciding whether the ICAOS creates a private right of action. The Second Circuit, however, decided the issue in *M.F. v. State of New York Exec. Dep't Div. of Parole*, 640 F.3d 491, 495 (2d Cir. 2011). There, the court said "[n]othing in the text or structure of the Compact, or of the federal statute that authorizes it, reveals any intent of Congress or of the compacting states to create private rights or remedies for offenders." *Id.* at 495. As the court explained, the ICAOS explicitly provided for federal court action under limited circumstances. Yet those limited circumstances "concern disputes either between compacting states or between a state and the Interstate Commission. The Compact does not contemplate judicial action to resolve a dispute between an offender and a compacting state." *Id.* at 496.

The Second Circuit also found the *Cort* factors to weigh against a private right of action. First, the ICAOS was entered by the states to benefit the member states: "The language of the Compact itself creates rights for the various states who are signatories to it. It does not create rights for probationers or parolees." *Id.* (citation and quotations omitted). Second, there was no indication the Compact sought to confer benefits on the offenders who would be subject to the agreement: "[T]he Compact does not even authorize supervisees to request a transfer on their own account." *Id.* Third, conferring a

7

private right of action on offenders would be inconsistent with the purpose of the ICAOS, "since the purpose of the Compact is to 'promote public safety by systematically controlling the interstate movement of certain adult offenders,' and not to grant additional rights to those offenders[.]" *Id.* The last factor weighing against a private right of action was that challenges to supervised release were traditionally an area of state law. *Id.* As a result, the Second Circuit found "that the Compact and its authorizing statute create neither an express nor an implied federal private right of action. Thus, the [offenders] may not challenge the [probation division's] proposed special conditions on the basis that those conditions violate the Compact." *Id.*

The same reasoning applies here. Plaintiff is an offender who asserts that various provisions of the Compact have been violated. But Plaintiff is not a member of the Compact, he is an offender who may be affected by its rules and administration. And the provisions Plaintiff claims were violated concern the process for one state to transfer supervision to another state—in other words, provisions that create rights and obligations between states, not between offenders and the state. Nothing in the Compact provides for federal court action under the circumstances Plaintiff presents here. Because neither the ICAOS nor its authorizing statute creates a federal private right of action, Plaintiff may not challenge the State of Illinois' or the State of Colorado's failure to comply with its terms. Thus, Plaintiff's claims lack an arguable basis in law, making them subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**B. *Younger* abstention.[2]**

Even if the ICAOS conferred a private right of action on Plaintiff to challenge the

failure to transfer the supervision of his probation from Illinois to Colorado, the

challenges relate to ongoing state criminal proceedings against him. The Court must

abstain from hearing such claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v.*

*Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if: "(1) the state

proceedings are ongoing; (2) the state proceedings implicate important state interests;

and (3) the state proceedings afford an adequate opportunity to present the federal

constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because the state criminal proceedings are ongoing in

Illinois. *People v. Wilson*, 293 Ill. App. 3d 339, 341 (Ill. Ct. App. 1997) ("It is generally

said that a court's jurisdiction ends with the probation expiration date."). Because

Plaintiff's probation term has not expired, the Illinois state court retains jurisdiction over

the case, which includes jurisdiction to resolve issues such as where and how a

sentence is to be executed. *Houlne v. Everts*, No. 14-CV-3382-REB-MEH, 2015 WL

5451024, at *3 (D. Colo. Sept. 16, 2015) (finding *Younger* abstention applicable to

plaintiffs' claims challenging the conditions of probation). Plaintiff confirms as much in

his *Complaint*, where he recounts hearings held by the state sentencing court in Illinois

---

2 As to Plaintiff's claims directed at officials and courts in the State of Illinois, the Court recognizes that it
likely lacks personal jurisdiction over these defendants, and that venue is also likely improper in the
District of Colorado. Nevertheless, Plaintiff's claims vacillate between alleged actions and inactions by
officials in both Illinois and Colorado. Because all of the alleged actions and inactions relate to ongoing
state criminal proceedings, the Court discusses *Younger* abstention without deciding the potential
jurisdictional and venue issues. Said differently, *Younger* applies whether the state criminal proceedings
are alleged to be ongoing in Illinois or Colorado.

to address why the supervision of Plaintiff's parole has not been transferred to Colorado.

The second condition is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Administration of probation is part of the state's criminal justice system, and implicates similar interests.

Likewise, Plaintiff's requests for relief highlight the sorts of interference *Younger* abstention seeks to prevent. For instance, Plaintiff asks this Court to define his residency status for the State of Illinois, to determine which order from the sentencing court in Illinois has "overriding precedence," and to enjoin government officials in Colorado and Illinois from issuing an arrest warrant. (ECF No. 1 at 11). Such determinations and orders from this Court would directly interfere with the states'—both Colorado and Illinois—administration of their criminal justice systems.

The third condition is also met. Plaintiff fails to demonstrate any way in which the state proceedings won't provide an adequate opportunity for him to present his claims regarding the transfer of supervision. In fact, Plaintiff has been heard by the sentencing court, and that court ordered the DuPage County probation office to submit a mandatory transfer of supervision request. Thus, all three conditions are met for *Younger* abstention.

Plaintiff "may overcome the presumption of abstention 'in cases of proven

10

harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Plaintiff will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Plaintiff doesn't allege the unjustified or oppressive use of multiple state-court prosecutions. Nor are there any well-pled facts to establish that his prosecution has been motivated by a suspect classification, in retaliation for the exercise of constitutional rights, or undertaken with no hope of success.

Further, Plaintiff has not shown an irreparable injury stemming from the state court criminal proceedings, and the failure to transfer supervision of his probation. In short, Plaintiff fails to claim any special threat to his liberties beyond those normally associated with the defense against an ongoing state criminal proceeding. *Phelps*, 122

11

F.3d at 889 (stating that the "threat to the plaintiff's federally protected rights is only irreparable if it cannot be eliminated by . . . defense against a single prosecution.") (internal quotation and citation omitted). Thus, Plaintiff has not met his burden to overcome *Younger*.

## IV.    RECOMMENDATIONS

For these reasons, this Court respectfully recommends that:

- the *Complaint* (ECF No. 1) be **dismissed** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for asserting claims upon which there is no federal private right of action; and

- in the alternative, the *Complaint* (ECF No. 1) be **dismissed without prejudice** under *Younger* to the extent Plaintiff raises challenges to his ongoing state criminal proceedings.

DATED February 25, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge